¶ 17. I would affirm the Court of Appeals decision that Sykes's motion is indeed time barred. This Court has previously declined to adopt or reject the pro se prisoner mail box rule. Benbow v.State, 614 So.2d 398, 402 (Miss. 1993). There, the Court discussed the adoption of the pro se prisoner mail box rule by the United States Supreme Court in Houston v. Lack, 487 U.S. 266, 108S.Ct. 2379, 101 L.Ed.2d 245 (1988), but noted that seven of the eight state jurisdictions to consider the issue had declined to adopt that view for the reason that, "[i]n the federal system, there is a well developed procedure for determining the time and date on which mail is received. To the contrary, in most state systems, the mail is simply deposited in a common institutional mailbox with no record kept of who sent the information or at what time." Benbow, 614 So.2d at 402. Nothing has changed in this regard since 1993. The majority has simply ignored these differences in the state and federal prison mail systems noted in this Court's recent decision and now required that the Mississippi Department of Corrections, and possibly counties and cities, assume responsibility for developing a prison mail system which will obviously depart from the normal, lawful, logical and routine course of conduct, an aimless digression, if you will. I would thus affirm the trial court and the Court of Appeals.
¶ 18. For these reasons, I respectfully dissent.
COBB, J., JOINS THIS OPINION.